UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | No. |
| v. | ) | |
| DENISE BREWER, | ) | Judge |
| Defendant. | ) | |

## COMPLAINT

The United States of America, by Johns R Lausch, Jr., United States Attorney for the Northern District of Illinois, brings this action against the defendant, Denise Brewer, and for its cause of action states:

### COUNT I

1. This Court has jurisdiction over this matter pursuant 28 U.S.C. § 1345.

2. The defendant, Denise Brewer, resides within the jurisdiction of the court.

3. Pursuant to the provisions of Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071 – 1087-2, and regulations promulgated thereunder 34 C.F.R. Part 682, the defendant executed promissory notes as more fully set forth in the Certificate of Indebtedness attached hereto as Exhibits "A" and "B", respectively.

4. All due credits and set-offs have been applied to the debt and there remains due and owing the principal sum of $3,466.55 plus $1,607.86 interest through January 10, 2018, with interest continuing to accrue at the contract rate, which debt, despite demand, has not been paid.

### COUNT II

5. The United States hereby restates and realleges the allegations set forth in paragraphs 1 and 2.

6. Pursuant to the provisions of Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071 – 1087-2, and regulations promulgated thereunder 34 C.F.R. Part 682, the defendant executed promissory notes as more fully set forth in the Certificate of Indebtedness attached hereto as Exhibits "C" and "D", respectively.

7. All due credits and set-offs have been applied to the debt and there remains due and owing the principal sum of $8,466.77 plus $12,218.79 interest through January 10, 2018, with interest continuing to accrue at the contract rate, which debt, despite demand, has not been paid.

WHEREFORE, the United States demands judgment against the defendant as follows:

a. in the amount of $5,074.41 ($3,466.55 principal and $1,607.86 interest accrued through January 10, 2018);

b. interest to continue to accrue at the contract rate until the date of Judgment;

c. in the amount of $20,685.56 ($8,466.77 principal and $12,218.79 interest accrued through January 10, 2018);

d. interest to continue to accrue at the contract rate until the date of Judgment;

e. costs of suit as authorized by 28 U.S.C. §2412(a)(2); and

f for such other proper relief as this court may deem just.

        Respectfully submitted,

        JOHN R LAUSCH, Jr.
        United States Attorney

By: s/*Ashley K. Rasmussen*
    ASHLEY K. RASMUSSEN
    Potestivo & Associates, P.C.
    Attorneys for Plaintiff
    223 W. Jackson Blvd., Suite 610
    Chicago, Illinois 60606
    arasmussen@potestivolaw.com.
    312-263-0003

# Exhibit A

*Please disburse to [illegible] & payments. [illegible]*

**HIGHER EDUCATION ASSISTANCE FOUNDATION**
P.O. BOX 64107 • ST. PAUL, MN 55164

*After lender completes application, mail HEAF copy only to this address.*

**LENDER COPY**

**GUARANTEED STUDENT LOAN (GSL) APPLICATION/ PROMISSORY NOTE**

**SECTION A - TO BE COMPLETED BY BORROWER** (PRINT IN INK–PRESS FIRMLY–DO NOT TYPE)

1. NAME (NO NICKNAMES)
   LAST: Brewer    FIRST: Denise    M.I.
2. SOCIAL SECURITY NUMBER
3. WHEN WERE YOU BORN?
4. PERMANENT ADDRESS
5. PERMANENT HOME PHONE
   CITY
6. U.S. CITIZENSHIP STATUS (CHECK ONE) ☒ U.S. CITIZEN OR NATIONAL ☐ PERMANENT RESIDENT OR OTHER ELIGIBLE ALIEN
7. ALIEN ID NUMBER IF APPLICABLE
8. PERMANENT RESIDENT OF WHICH STATE: Illinois
9. DRIVER LICENSE NUMBER (IF YOU DO NOT HAVE A LICENSE, TYPE "NONE" AND GO TO 10.)
   STATE: Illinois
10. ADDRESS WHILE IN SCHOOL (STREET, CITY, STATE, ZIP): P.O. Box 5407, Evanston, Illinois, 60204
11. PHONE AT SCHOOL ADDRESS: (same)
12. MAJOR COURSE OF STUDY: SEE INSTRUCTIONS IN APP BOOKLET — 15
13. LOAN AMOUNT REQUESTED: $7,500.00
14. LOAN PERIOD: 09/89 to 06/90

**PRIOR LOAN INFORMATION**

14. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? ☐ YES (GIVE DETAILS ON SEPARATE SHEET) ☒ NO
15a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? ☒ YES (GO TO 15b) ☐ NO (GO TO 20a)
15b. IF YES, TOTAL UNPAID BALANCE OF GSL LOANS: $30,000
16. UNPAID PRINCIPAL BALANCE OF MOST RECENT GSL: $30,000
17. GRADE LEVEL OF MOST RECENT GSL: 09
18. LOAN PERIOD START DATE OF MOST RECENT GSL
19. INTEREST RATE OF MOST RECENT GSL: ☒ 7% ☐ 8% ☐ 9%
20a. DO YOU HAVE ANY PRIOR UNPAID SLS (ALAS) OR PLUS LOANS? ☒ NO (GO TO 21a) ☐ YES (GO TO 20b)
20b. IF YES, TOTAL UNPAID PRINCIPAL BALANCE OF PRIOR SLS (ALAS) LOANS RECEIVED DURING ▸ UNDERGRADUATE STUDY $0 / GRADUATE STUDY $3500
21a. DO YOU HAVE ANY UNPAID PLUS LOANS BORROWED AS A PARENT UNDER THE PLUS LOAN PROGRAM? ☒ YES (GO TO 21b) ☐ NO (GO TO 22a)
21b. IF YES, TOTAL UNPAID PRINCIPAL BALANCE OF PLUS LOANS: $7800

**REFERENCES** (YOU MUST PROVIDE THREE DIFFERENT NAMES, WITH DIFFERENT U.S. ADDRESSES AND PHONE NUMBERS)

| | A. NAME: Thelma Joe | B. NAME: Amelia Dawkins | C. NAME: Tyrell Brewer |
|---|---|---|---|
| STREET | | | |
| CITY ST | | | |
| PHONE ( | | | |

NOTICE TO BORROWER: [fine print, illegible]

23a. SIGNATURE OF BORROWER (APPLICATION CANNOT BE PROCESSED WITHOUT SIGNATURE)
X /s/ Denise Brewer
23b. DATE BORROWER SIGNED: 09/14/89

**SECTION B - TO BE COMPLETED BY SCHOOL**

24. NAME OF SCHOOL: Northwestern University — Kellogg Graduate School of Management
25. ADDRESS (STREET, CITY, STATE, ZIP): 619 Clark St., Evanston, IL 60208
26. PHONE: (312) 491-8695
27. SCHOOL CODE: 001739
29. PERIOD LOAN WILL COVER: FROM 09/89 TO 06/90
31. STUDENT'S GRADE LEVEL (CHECK ONE): UNDERGRAD ☐1 ☐2 ☐3 ☐4 ☐5 GRAD ☒6 ☐7 ☐8 ☐9 ☐10
32. ANTICIPATED GRADUATION DATE: 06/16/90
33. STUDENT STATUS (CHECK ONE): ☐ DEPENDENT ☒ INDEPENDENT
34. ADJUSTED GROSS INCOME (AGI): $4752
35. COST OF ATTENDANCE FOR LOAN PERIOD: $25,800
36. ESTIMATED FINANCIAL AID FOR LOAN PERIOD: $13,300
37. EXPECTED FAMILY CONTRIBUTION (EFC): $5000
38. DIFFERENCE (ITEM 35 LESS ITEMS 36 AND 37) OR LEGAL MAXIMUM: $7500
39. SUGGESTED DISBURSEMENT DATES:
   1ST DISB: 9/25/89    2ND DISB: 1/3/90    3RD DISB: 3/26/90
40. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? ☒ YES ☐ NO
41. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? ☐ YES ☒ NO
42. SCHOOL USE ONLY
43a. SIGNATURE OF SCHOOL OFFICIAL: X /s/ Charles Munro
43b. DATE: 10/2/89
43c. PRINT NAME AND TITLE: Charles Munro, Financial Advisor

**SECTION C - TO BE COMPLETED BY LENDER**

44. NAME OF LENDER: Northwestern University
45. ADDRESS (STREET, BUILDING, CITY, STATE, ZIP): 1801 Hinman Ave., 3rd Floor, Evanston, IL 60208    (312) 491-3185
46. LENDER CODE: 824565
47. BRANCH CODE: 0000
50. LOAN DISBURSEMENT DATES: MO DAY YR AMOUNT / MO DAY YR AMOUNT / MO DAY YR AMOUNT
52. IS THIS AN UNSUBSIDIZED LOAN? ☐ YES ☒ NO
53. LENDER ACCOUNT NUMBER
54. LENDER USE

**SECTION D - TO BE COMPLETED BY HEAF**

55a. SIGNATURE OF LENDING OFFICIAL: X /s/ Alan Nordhem
55b. PRINT NAME AND TITLE: Alan Nordhem, Director
55c. DATE SIGNED: 10/4/89
56. TOTAL LOAN AMOUNT APPROVED: $7500.00

58. HEAF USE ONLY
Signature: /s/ [illegible]
Title: Manager, [illegible] Note Status
Date: SEP 18 2000

*"The foregoing is a true and correct copy under penalty of perjury of the original promissory note."*

F10-60 4-87
GSL-304

Exhibit B

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 2

DENISE BREWER
AKA D BREWER
5044 W MADISON ST STE 100
CHICAGO, IL 60644
Account No. XXXX

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 01/10/18.

On or about 09/11/89, the BORROWER executed promissory note(s) to secure loan(s) of $7,500.00 from NORTHWESTERN UNIVERSITY, EVANSTON, IL. This loan was disbursed for $7,500.00 on 10/31/89 through 03/21/90 at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by GREAT LAKES HIGHER EDUCATION CORPORATION, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $4,607.40 to the outstanding principal owed on the loan. The BORROWER defaulted on the obligation on 01/25/00, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $3,466.55 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the BORROWER. The guarantor was unable to collect the full amount due, and on 10/23/09, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

| | |
|---|---|
| Principal: | $3,466.55 |
| Interest: | $1,607.86 |
| Total debt as of 01/10/18: | $5,074.41 |

Interest accrues on the principal shown here at the current rate of 4.23% and a daily rate of $0.40 through June 30, 2018, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 2-7-18

Loan Analyst
Litigation Support Unit

Philippe Guillon
Loan Analyst

# Exhibit C

ISSC
106 WILMOT ROAD
DEERFIELD, IL 60015
312/948-8550

DAH. DL.
12-4-91

A VARIABLE RATE PROMISSORY NOTE FOR THE
PLUS/SUPPLEMENTAL LOANS FOR STUDENTS PROGRAMS (SLS)

(Check One) ☐ PLUS  ☒ SLS

If a PLUS Loan, student's name and social security number:

APPLICATION I.D. NUMBER

Send all correspondence and payments to:
LENDER NAME, ADDRESS, PHONE NUMBER (312) 989-5231

DEMETRA J KOTITSAS
RIVER FOREST STATE BANK
4800 N WESTERN AVE
CHICAGO        IL 60625
CODE # 817846
MAKER/BORROWER NAME, ADDRESS, SOCIAL SECURITY NUMBER

SCHOOL NAME, ADDRESS
FINANCIAL AID OFFICER
NORTHWESTERN UNIVERSITY
1801 HINMAN AVENUE
EVANSTON        IL 60208
CODE # 001739
CO-MAKER ☐ OR CO-SIGNER ☐ (check one)
If used, lender must enter name, address and SS # here.)

BREWER        DENISE
6801 S CRANDON        APT. 3
CHICAGO        IL 60649

ALAS

DEC - 1991

DENISE BREWER  (the borrower), promise to pay to   RIVER FOREST STATE BANK                        $ 4,000.00
(name of lender), or to a subsequent holder of this Promissory Note all of the principal sum of $ _____ to the extent it is advanced to me, plus an amount equivalent to simple interest on this sum at a variable rate not to exceed 12 percent per year. The interest rate will be determined annually and will be effective for July 1 through June 30 of each year. The interest rate for any year will be the rate published for that year by the United States Department of Education for variable-rate PLUS and SLS loans. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs — including attorney's fees — that are permitted by Federal law and regulations for the collection of these amounts which do not exceed 25 percent of the unpaid principal and accrued interest.

SECTION I

| Loan Amount | $ 4,000.00 | Loan Amount | $ 4,000.00 | Expiration Date |
| Less: Insurance Premium | NONE | Add: Interest payable during repayment period | $ 1,152.59 | 07/01/89 |
| Equals: Amount paid to you (loan check) | $ 4,000.00 | Equals: Total amount to be repaid | $ 5,152.59 | |
| My Repayment Schedule on this new loan is: | | School Term: 09/88 - 06/89 | 1ST YR GRAD | |

| NO. OF PYMTS | AMT. OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|
| 59 | $ 85.87 | MAY 21, 1989 AND ON THE SAME DAY OF EACH FOLLOWING MONTH |
| 1 | | YOU WILL BE SENT A FINAL NOTICE |

SECTION II

| CUMULATIVE BORROWING TO DATE INCLUDING THIS LOAN (for refinancing use) | LOAN NUMBER | REPAYMENT START DATE | INTEREST RATE | CURRENT PRINCIPAL BALANCE | INTEREST TO BE CAPITALIZED AND DATE(S): From: and To: | TOTAL (PRIN. + CAP. INT.) |
|---|---|---|---|---|---|---|
| Unpaid principal balance (as of repayment start date) $ _____ | | | % | $ | $ | $ |
| ADD: Accrued unpaid interest to be capitalized $ _____ | | | | | | |
| EQUALS: Principal amount to be repaid $ _____ | | | | | | |
| ADD: Interest payable during repayment period $ _____ | | | | | | |
| EQUALS: Total amount to be repaid $ _____ | TOTAL | | | $ | $ | $ |

Since I am refinancing, the Repayment Schedule below supersedes the Repayment Schedule above:
My Repayment Schedule on this refinanced loan is:

| NO. OF PYMTS | AMT. OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|
| | $ | |
| | $ | |

Interest rate: variable but not more than 12%. The interest rate in effect until June 30 following the making of this loan is _____ %.
I understand that the above Repayment Schedule will be adjusted as a result of changes in the interest rate. At the lender's option, and with prior notification to me, the amount of the periodic payments may be annually adjusted or the period of repayment of principal may be lengthened or shortened.
DEFERMENT OF PRINCIPAL: During any deferment period granted to me I must complete a Request for Deferment and (check one):
☐ I am not applying for deferment of principal.
☐ my interest will be paid in _____ payments of $ _____ each that are due _____ monthly _____ quarterly beginning _____
☐ my interest will accrue and be capitalized no more frequently than quarterly, at which time the accrued interest will be added to the principal amount of this loan.
REPAYMENT: I may, or at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid. If I am obtaining a new loan, I will repay this loan within 10 years of the date of this Promissory Note, over a repayment period that generally lasts at least 5 years, but no more than 10 years. If I am only refinancing previous loans, I will repay this loan within 10 years of the repayment start day of the most recently included loan as stated in Section II. However, the following exceptions to these rules apply:
A. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period 1—or, if both my spouse and I have GSL, PLUS or SLS program loans outstanding, we—pay toward principal and interest at least $600 or the unpaid balance of all such loans (plus interest) whichever is less.
B. If I qualify for any period described under DEFERMENT in this Note, or if the lender grants "forbearance", these periods will not be included in the 5- and 10-year periods mentioned above.
I HEREBY ACKNOWLEDGE THAT: I HAVE READ BOTH SIDES OF THIS NOTE AND A SEPARATE SHEET ENTITLED "BORROWER'S RIGHTS AND RESPONSIBILITIES"; THERE ARE NO BLANK SPACES ON THIS NOTE; THAT THIS IS A VARIABLE INTEREST RATE LOAN AND THE RATE OF INTEREST MAY CHANGE ANNUALLY; I AUTHORIZE THE USE OF MY SOCIAL SECURITY NUMBER ON THIS NOTE AND THE OBTAINING AND GIVING OF CREDIT REPORTS ON ME IN CONNECTION WITH THIS LOAN; AND I HAVE RECEIVED AN EXACT COPY OF THIS NOTE.

Brewer                              Denise Brewer                    4/19/89
MAKER/BORROWER                      TYPE OR PRINT NAME                DATE

CO-MAKER ☐ OR CO-SIGNER ☐ (check one) Note: Co-makers are not allowed under the SLS Program
                                    TYPE OR PRINT NAME                DATE

DATE LOAN GUARANTEED BY ISSC  04 07 89    ESTIMATED DISBURSEMENT DATE  04 21 89    ACTUAL DISBURSEMENT DATE  4 27 89

ISSC FORM-FO71 7/87

LENDER

## AGREEMENTS
I agree that:

1) In this Note, the words, I, me, and my, mean (except where otherwise indicated) each and all of those who signed it. If more than one person signs this Note, each person will be made liable up to the full amount of the loan. You, your, and yours, mean the lender and any other owner of this Note.

2) The lender and each of all signers of this Note agree that the Laws of the State of Illinois shall govern and prevail in every matter relating to this Note regardless of wherever signed or payable.

3) I will notify the lender in writing within 10 days of any changes occurring in my school enrollment status, or in my name or address. I further authorize you to obtain enrollment and address information from any of the officers or agents of the educational institution in which I intend to be enrolled, was enrolled, or am currently enrolled.

4) The lender may send any notice by first class mail to the latest address the lender may have for me. Unless required by law, the lender need not give a separate notice to the Co-maker(s), (if any).

5) The lender must provide me with a copy of this Note. All terms of this agreement are subject to the limitations of the Higher Education Act of 1965, as amended, and regulations issued under the Act.

6) If the guarantor is required under its guarantee to repay my loan(s) because I have defaulted, the guarantor will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce the Note against me.

7) No change in this Note will be binding unless approved by the lender and me in writing. The lender can delay enforcing any of the provisions in this Note without losing the right to later enforce these provisions.

8) I understand that I must repay this Note though I may be under 18 years of age when the Note was signed.

9) As a condition of receiving this loan, I agree that any subsequent legal proceedings necessary to enforce the obligations to the ISSC may be instituted in the County of Cook, State of Illinois, and that I will not object, thereto, notwithstanding that at the time such proceedings are instituted, I may reside in a County other than Cook County.

## INTEREST RATE
My loan will bear interest at a variable rate not to exceed 12 percent which is adjusted annually over the life of the loan. The variable interest rate will be determined in accordance with Federal statute and will be published by the U.S. Secretary of Education annually. My lender will notify me annually of the interest rate which will apply to my loan for each July 1 - June 30 period.

## SECURITY INTEREST
All of my funds and property now or later in your custody, or in transit, shall be subject to a lien for my unpaid liabilities to you, and upon occurrence of a default hereunder, you shall have the right to offset against such funds and property.

## INSURANCE PREMIUM
I agree to pay to you the Insurance Premium shown on the front of this Note in the Itemization of the Loan Amount, on the date the loan proceeds are disbursed. I understand that you must pay the ISSC this Insurance Premium in an amount which does not exceed 3% of the loan amount. The lender will deduct this fee from the proceeds of the loan.

## LATE CHARGES
The lender may collect from me a late charge if I fail to pay all or a part of a required installment payment within 10 days after it is due or if I fail to provide written evidence that verified my eligibility to receive the payment deferred as described under DEFERMENT in this Note. Late charge may not exceed $5.00 or 5% of the payment, whichever is less.

## ACCELERATION PROVISION
Upon the occurrence of any of the following events, this Note shall, at your option, become immediately due and payable: (1) I fail to make payments when due, or any installment of interest, unless you agree to allow the accrued interest to be capitalized as part of the principal amount, (2) I make false representation which results in my receiving a loan for which I am not eligible. In the event of acceleration, interest shall accrue on any unpaid balance.

## DEFAULT
Default means the failure of a borrower to make an installment payment when due, or to meet other terms of the Note under circumstances where the ISSC finds it reasonable to conclude that the borrower no longer intends to honor the obligation to repay, provided that this failure persists for—
1. 180 days for a loan repayable in monthly installments; or
2. 240 days for a loan repayable in less frequent authorized installments.

## If I default on this loan—
1. The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable;

2. The lender, holder, or guarantee agency (ISSC) may disclose to schools I have attended (or am currently attending) information about the default;

3. I will be ineligible to receive assistance from any of the following Federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Byrd Scholarship, Perkins Loan (formerly called National Direct Student Loans), Guaranteed Student Loans, Supplemental Student Loans (SLS), PLUS Loans or Consolidation Loans; and

4. I will be ineligible for the benefits described under DEFERMENT in this Promissory Note.

## CANCELLATION
My loan obligation will be cancelled (except in the case of a PLUS loan where there is a co-maker) if documentation of my death is submitted to the lender or subsequent holder; if the lender or subsequent holder and the ISSC accept a statement submitted to it from a physician verifying my total and permanent disability; if proof is submitted to the ISSC that the obligation has been discharged in bankruptcy provided that notice to the lender or subsequent holder and the ISSC of the filing of bankruptcy is received in sufficient time to permit participation in the bankruptcy proceeding. I understand that my loan is not automatically discharged in bankruptcy. The PLUS/SLS Program does not have provisions which enable this loan to be cancelled or forgiven in whole or in part if I become a teacher.

## PREPAYMENT
I may, at my option and without penalty, prepay all or any part of the principal of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

## CREDIT BUREAU NOTIFICATION
Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If I DEFAULT ON THIS LOAN, THE LENDER, HOLDER OR GUARANTEE AGENCY WILL ALSO REPORT THE DEFAULT TO CREDIT BUREAU ORGANIZATIONS. THIS MAY SIGNIFICANTLY AND ADVERSELY AFFECT MY ABILITY TO OBTAIN OTHER CREDIT.

The lender, holder or guarantee agency must notify me at least 30 days in advance that information about the default will be disclosed to credit organizations unless I enter into repayment on the loan within the 30 days.

The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

## DEFERMENT
As authorized by Federal law if I meet certain requirements, I have the right to defer payments on my loan as set forth under DEFERMENT in the "Borrower's Rights and Responsibilities" sheet.

## CONSOLIDATION
Consolidation may be available for borrowers in the SLS program and other educational loan programs. For further information, contact the guarantee agency named on this Note.

## REFINANCING
I am eligible for refinancing options of my PLUS/SLS loans as authorized by Federal Law. For further information, contact the guarantee agency or the lender named on this Note.

## REFINANCING FEE
If this loan is made to secure a variable interest rate, a lender offering to reissue a loan(s) for such purpose may charge a borrower an amount not to exceed $100 to cover the administrative costs of reissuing such a loan(s). The refinancing fees are non-refundable and are paid separately in advance to the lender.

## REPAYMENT BY DEPARTMENT OF DEFENSE
Under certain circumstances, military personnel may have their loans repaid by the Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act, 1981 (P.L. 96-342, 10 U.S.C. 2141. note). Questions concerning the program should be addressed to the local Service recruiter. The program described is a recruiting program and does not pertain to prior service individuals or those not eligible for enlistment in the Armed Forces.

---

\* The ISSC is a State agency and federal contractor authorized to collect information for the U.S. Department of Education for use in administration of all federal student financial aid programs.

970

9E
APPLICATION I.D. NUMBER

**A VARIABLE RATE PROMISSORY NOTE FOR THE SUPPLEMENTAL LOANS FOR STUDENTS PROGRAM (SLS)**

SSC
106 WILMOT ROAD
DEERFIELD, IL 60015

LENDER NAME, ADDRESS, PHONE NUMBER

RIVER FOREST STATE BANK
4800 N WESTERN AVE
CHICAGO    IL 60625
CODE # B17846

SCHOOL NAME, ADDRESS

NORTHWESTERN UNIVERSITY
1801 HINMAN AVENUE
EVANSTON, IL 60208
CODE # 001739

CO-SIGNER

MAKER/BORROWER NAME, ADDRESS, SOCIAL SECURITY NUMBER

DENISE BREWER
6801 SOUTH CRANDON 2
CHICAGO, IL 60649 0000

DEC 2 1991

DENISE BREWER
RIVER FOREST STATE BANK

$4000.00

School Term 09/01/89–06/30/90
Academic Level 2ND YEAR GRAD
Expiration Date 03/18/90
Date Guaranteed 10/13/89

1990

PAYMENT OF INTEREST:    1/1/90

Denise Brewer    1/13/89

Date Loan Disbursed    11/22/89

ORIGINAL – LENDER

## AGREEMENTS
I agree that:

1) In this Note, the words, I, me, and my, mean (except where otherwise indicated) each and all of those who signed it. If more than one person signs this Note, each person will be made liable up to the full amount of the loan. You, your, and yours, mean the lender and any other owner of this Note.

2) The lender and each of all signers of this Note agree that the Laws of the State of Illinois shall govern and prevail in every matter relating to this Note regardless of wherever signed or payable.

3) I will notify the lender in writing within 10 days of any changes occurring in my school enrollment status, or in my name or address. I further authorize you to obtain enrollment and address information from any of the officers or agents of the educational institution in which I intend to be enrolled, was enrolled, or am currently enrolled.

4) The lender may send any notice by first class mail to the latest address the lender may have for me. Unless required by law, the lender need not give a separate notice to the Co-maker(s), (if any).

5) The lender must provide me with a copy of this Note. All terms of this agreement are subject to the limitations of the Higher Education Act of 1965, as amended, and regulations issued under the Act.

6) If ISSC is required under its guarantee to repay my loan(s) because I have defaulted, ISSC will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce the Note against me.

7) No change to this Note will be binding unless approved by the lender and me in writing. The lender can delay enforcing any of the provisions in this Note without losing the right to later enforce those provisions.

8) I understand that I must repay this Note though I may be under 18 years of age when the Note was signed.

### INTEREST RATE
My loan will bear interest at a variable rate not to exceed 12 percent which is adjusted annually over the life of the loan. The variable interest rate will be determined in accordance with Federal statute and will be published by the U.S. Secretary of Education annually. My lender will notify me annually of the interest rate which will apply to my loan for each July 1 - June 30 period.

### SECURITY INTEREST
All of my funds and property now or later in your custody, or in transit, shall be subject to a lien for my unpaid liabilities to you, and upon occurrence of a default hereunder, you shall have the right to offset against such funds and property.

### INSURANCE PREMIUM
I agree to pay to you the Insurance Premium shown on the front of this Note in the itemization of the Loan Amount, on the date the loan proceeds are disbursed. I understand that you must pay ISSC this Insurance Premium in an amount which does not exceed 3% of the loan amount. The lender will deduct this fee from the proceeds of the loan.

### REPAYMENT
Repayment of my SLS loans begins no later than 60 days after the disbursement of the last installment.

Except as provided below, I will repay my SLS loans over a repayment period that generally lasts at least 5 years but not more than 10 years.

If I qualify for postponement of my payments during any period described under DEFERMENT on the "Borrower's Rights and Responsibilities" sheet, or if the lender grants "forbearance," those periods will not be included in the 5- and 10-year periods mentioned above.

### LATE CHARGES
The lender may collect a late charge from me if I fail to pay all or part of a required installment within 10 days after it is due or if I fail to provide written evidence that verified my eligibility to have the payment deferred as described under DEFERMENT in this Note. A late charge payment shall not exceed 5¢ for each $1.00 installment, whichever is less.

### ACCELERATION PROVISION
Upon the occurrence of any of the following events, this Note shall, at your option, become immediately due and payable: (1) I fail to make payments when due, or any installment of interest, (2) you determine the accrued interest to be capitalized as part of the principal amount, (3) I make false representation which results in my receiving a loan for which I am not eligible. Interest, at the contract rate, shall accrue on any unpaid balance.

### EXPIRATION DATE
The expiration date printed on the front side of this form will be 60 days from the date of the last disbursement and cannot be more than 90 days from the ending school term. However, the expiration date will never be later than the ending school term date plus 90 days. After the expiration date has passed, this guarantee is no longer valid and the lender may not disburse this loan. A guarantee will be reinstated if ISSC approved a "late disbursement" as provided in ISSC rules.

Lenders are reminded that federal regulations provide that a loan must be cancelled if the loan check has not been cashed within 120 days of disbursement. This may result in the automatic expiration of this guarantee prior to the expiration date printed on the front of the form. Lenders may apply to ISSC to reinstate a loan guarantee.

### DEFAULT
Default means the failure of a borrower to make an installment payment when due, or to meet other terms of the Note under circumstances where ISSC finds it reasonable to conclude that the borrower no longer intends to honor the obligation to repay, provided that this failure persists for-
1. 180 days for a loan repayable in monthly installments; or
2. 240 days for a loan repayable in less frequent authorized installments.

If I default on this loan-
1. The lender/holder may declare the entire unpaid amount of the loan, including interest, immediately due and payable;
2. The lender/holder, or ISSC may disclose to schools I have attended (or am currently attending) information about the default;
3. I will be ineligible to receive assistance from any of the following Federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Byrd Scholarship, Perkins Loan (formerly called National Direct Student Loans), Stafford Loan (formerly GSL), Supplemental Loans for Students (SLS), PLUS Loans or Consolidation Loans; and
4. I will be ineligible for the benefits described under DEFERMENT in this Promissory Note.

### CANCELLATION
My loan obligation will be cancelled if documentation of my death is submitted to the lender or subsequent holder; if the lender or subsequent holder and ISSC accept a statement submitted to it from a physician certifying my total and permanent disability; if proof is submitted to ISSC that the obligation has been discharged in bankruptcy provided that notice to the lender or subsequent holder and ISSC of the filing of bankruptcy is received in sufficient time to permit participation in the bankruptcy proceeding. I understand that my loan is not automatically discharged in bankruptcy. The SLS Program does not have provisions which enable this loan to be cancelled or forgiven in whole or in part if I become a teacher.

### PREPAYMENT
I may, at my option and without penalty, prepay all or any part of the principal of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

### CREDIT BUREAU NOTIFICATION
Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. IF I DEFAULT ON THIS LOAN, THE LENDER, HOLDER OR ISSC WILL ALSO REPORT THE DEFAULT TO CREDIT BUREAU ORGANIZATIONS. THIS MAY SIGNIFICANTLY AND ADVERSELY AFFECT MY ABILITY TO OBTAIN OTHER CREDIT.

The lender, holder or ISSC must notify me at least 30 days in advance that information about the default will be disclosed to credit organizations unless I enter into repayment on the loan within the 30 days.

The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

### DEFERMENT
As authorized by Federal law if I meet certain requirements, I have the right to defer payments of principal on my loan as set forth under DEFERMENT in the "Borrower's Rights and Responsibilities" sheet.

### CONSOLIDATION
Consolidation may be available for borrowers in the SLS program and other educational loan programs. For further information, contact the guarantee agency named on this Note.

### REFINANCING
I am eligible for refinancing options of my SLS loans as authorized by Federal Law. For further information, contact the guarantee agency or the lender named on this Note.

### REPAYMENT BY DEPARTMENT OF DEFENSE
Under certain circumstances, military personnel may have their loans repaid by the Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act, 1981 (P.L. 96-342, 10 U.S.C. 2141 note). Questions concerning the program should be addressed to the local Service recruiter. The program described is a recruiting program and does not pertain to prior service individuals or those not eligible for enlistment in the Armed Forces.

### REDUCTION CODES
- "A"    expenses minus aid does not justify amount of loan request
- "D"    total amount requested for this loan, plus other loans guaranteed would exceed the allowable aggregate program maximum
- "F"    total amount requested for this loan, plus other loans guaranteed by ISSC and other State and Federal Programs would exceed the maximum amount allowed for this academic year
- "G"    Total amount requested for this loan, plus other loans guaranteed by ISSC and other State and Federal Programs would exceed the allowable aggregate program maximum
- "K"    school amount less than cost minus aid
- "L"    total amount requested for this loan, plus other loans guaranteed during student's current academic year would exceed maximum amount allowed for this academic year

*ISSC is a state agency and federal contractor authorized to collect information for the U.S. Department of Education for use in administration of all federal student financial aid programs.

*[Stamp: PAY TO THE ORDER OF STUDENT ASSISTANT COMMISSION]*

# Exhibit D

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #2 OF 2

DENISE BREWER
AKA D BREWER
5044 W MADISON ST STE 100
CHICAGO, IL 60644
Account No. XXXX

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest from 01/10/18.

On or about 04/19/89 & 11/13/89, the BORROWER executed promissory note(s) to secure loan(s) of $4,000.00 & $4,000.00 from RIVER FOREST STATE BANK, CHICAGO, IL. This loan was disbursed for $8,000.00 on 07/26/91 at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by ILLINOIS STUDENT ASSISTANCE COMMISSION, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The BORROWER defaulted on the obligation on 07/27/91, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $10,264.43 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the BORROWER. The guarantor was unable to collect the full amount due, and on 07/15/99, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $50.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

| | |
|---|---|
| Principal: | $8,466.77 |
| Interest: | $12,218.79 |
| Total debt as of 01/10/18: | $20,685.56 |

Interest accrues on the principal shown here at the current rate of 4.47% and a daily rate of $1.04 through June 30, 2018, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 2-7-18

Loan Analyst
Litigation Support Unit

Philippe Guillon
Loan Analyst